## Walton v. Matthias

*John P. Butt,* for plaintiff.
*Swope, Brown & Swope,* for defendant.

SHEELY, P. J., June 9, 1945.—In this motion to strike off plaintiff's statement of claim defendant contends that paragraphs 5, 6, 7, and 8 violate section 5 of the Practice Act of May 14, 1915, P. L. 483, by containing more than "one material allegation of a material fact". This raises a question of form only and we are not concerned with questions of substance.

It is to be noted that section 5 of the Practice Act requires that each paragraph shall contain "but one material allegation". The section does not prohibit more than one fact being alleged in a single paragraph so long as the paragraph contains but one material allegation. It has been stated that the section is not to be construed as requiring the minutest possible subdivision of every allegation into its last possible analysis of positive statement in a single paragraph: General Electric Contracts Corp. v. Yenosky, 7 Schuyl. Reg. 31; Shane Brothers & Wilson v. Painter (No. 2), 36 York 97.

### Warranty pleaded

Plaintiff's claim is based, in part, upon an alleged breach of warranty by defendant in the sale of a tract of real estate. In paragraph 5 he alleges that defendant verbally warranted to plaintiff that there were no easements or rights of way upon the premises, and that the written articles of agreement made no reservation but defendant agreed to sell and convey by general warranty title in fee simple, free and clear of all encumbrances. The material allegation here is that defendant made a warranty; the remainder of the paragraph adds nothing to that allegation but merely clarifies or explains it and could be stricken from the pleading without leaving it insufficient. That is the test of whether an allegation is material: Shane Brothers & Wilson v. Painter (No. 2), supra.

In paragraph 6 plaintiff alleges the matters included in the warranty contained in the deed, namely: That defendant was seized in fee simple; that he had good, right and lawful authority to sell and convey the land; that plaintiff should lawfully possess and quietly enjoy the premises free of all encumbrances; and that defendant would warrant generally and forever defend the premises to plaintiff against all lawful claims whatsoever. In his brief defendant suggests that each alleged matter included in the warranty is a material fact and should be set out in a separate paragraph. Assuming that these matters are facts, they are merely subdivisions of the ultimate fact which is the warranty, and this is the only material allegation contained in this paragraph.

### Elements of breach

In paragraph 7 plaintiff avers that the warranty was breached as defendant was not seized in fee simple; that he did not have right and lawful authority to convey the same; that plaintiff could not, by force of the deed, lawfully possess and quietly enjoy the same free of all encumbrances. Here again the material allega-

tion is the breach of the warranty and not the statement of the portions thereof which were breached.

In paragraph 8 plaintiff alleges that at the time of delivery of the deed the premises were subject to an easement of the Metropolitan Edison Company, an easement of the Pure Oil Pipe Line Company, and a ground rent in favor of the County Commissioners of Adams County. While this paragraph contains three facts, it contains but one material allegation: that the real estate was not free of encumbrances and easements as it had been warranted to be.

In construing the Practice Act, its several provisions must be reasonably applied to the circumstances. In the present case plaintiff's statement of claim is in substantial compliance with the provisions of the act.

And now, June 9, 1945, defendant's motion to strike off plaintiff's statement of claim is overruled and defendant is directed to file an affidavit of defense within 15 days of this date.